## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RUSSELL TERRY,

                Plaintiff,

                v.

FEDERAL BUREAU OF INVESTIGATION,
*et al.*,

                Defendants.

Civil Action No. 23-2548

Judge Beryl A. Howell

## MEMORANDUM AND ORDER

Plaintiff Russell Terry, who is proceeding *pro se,* filed suit against the Federal Bureau of Investigation ("FBI") and the Bureau of Consular Affairs, alleging that the defendants caused him "significant financial losses and . . . emotional distress" by "disregarding suspicious multi-million-dollar transactions" by plaintiff's former business partners and failing to "adequately warn[]" him of potential criminal activity.  Compl. at 4–5, ECF No. 1.[1]  Plaintiff further alleges that he reported "death threats from a US federal agent, stalking, extortion and retaliation for reporting FBI misconduct," but that the FBI "neglected to take any investigative or protective measures . . . [which] resulted in more retaliation and obstruction of justice as well as . . . emotional trauma and continuing financial losses."  *Id.* at 5–6.  According to the sprawling complaint that includes alleged conduct dating back almost twenty years and covering multiple countries, the Bureau of Consular Affairs also breached duties to plaintiff by "falsely claim[ing] that the Plaintiff's family was searching for him, misle[ading] the plaintiff about their inability to connect with LEGAT personnel, fraudulently stat[ing] their ability to investigate Brazilian police

---

[1]      Since paragraphs in plaintiff's complaint and amended complaint are not consistently enumerated, references will instead reflect the pagination generated automatically by the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

reports, fail[ing] to report crimes through the proper channels according to the Mutual Legal Assistance Treaty, and illegally obtain[ing] private information from the Brazilian police that was used to tamper with witnesses." *Id.* at 6.

Plaintiff brings his claims under the Federal Tort Claims Act and the First, Fourth, and Fifth Amendments of the U.S. Constitution.  Amended Compl. at 2, ECF No. 4.  He requests $100,000,000 in monetary damages to compensate for his injuries.  *Id.* at 3.  As explained below, this action must be dismissed *sua sponte* for lack of subject matter jurisdiction.

## I.   DISCUSSION

Plaintiff's claims are subject to dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that they are fundamentally fanciful.  *See Roum v. Bush*, 461 F. Supp. 2d 40, 46-47 (D.D.C. 2006); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee . . . that may have been paid" a "court shall dismiss" a *pro se* complaint "at any time if the court determines that the action . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted").  "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit."  *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (citations omitted).  Complaints lack merit and are generally subject to dismissal under Rule 12(b)(1) when they transcend characterization as "doubtful or questionable" and are "essentially fictitious."  *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (citations omitted).  Such complaints often allege "bizarre conspiracy theories" or "fantastic government manipulations."  *Id.* at 330-31; *see Gbedemah v. CIA*, No. 21-cv-438 (DLF), 2022 WL 855020, at *2 (D.D.C. Mar. 17, 2022) ("[A] court can invoke Rule 12(b)(1) to dismiss a plaintiff's complaint that is 'patently insubstantial,

presenting no federal question suitable for decision.'" (quoting *Walsh v. Comey,* 118 F. Supp. 3d 22, 25 (D.D.C. 2015)).  That is the nature of plaintiff's allegations here.

In a 27-page complaint, plaintiff claims, *inter alia*, that the defendants "engaged in extreme and outrageous behavior by using unlawful tactics to threaten, stalk, and intimidate [him]."  Compl. at 7.  He alleges that unnamed FBI agents attempted to entrap him into lying to the FBI, violating insider trading laws, and growing marijuana in violation of federal laws.  *Id.* at 14–16.  Plaintiff also claims that the FBI planted Confidential Human Sources ("CHSs") to pose as his girlfriends and incite fights and attack him, used his marriage to a federal agent to extort money from him, used his teachers in Brazil to pressure him into providing information about the Proud Boys, and sent him emails posing as his mother and other family members.  *Id.* at 18–21.  Plaintiff blames every bad thing that has happened to him over the last 20 years on U.S. government officials or agents, frequently from the FBI and Bureau of Consular Affairs, including his failed business dealings, disputes with his landlord, his issues obtaining employment, sarcastic comments made to him by a coworker, his divorce from his wife, his estrangement from his family, a man making gestures at plaintiff while he was eating, a truck in Brazil almost running into him at a cross walk, and even issues as minor as the U.S. Consulate in Brazil taking two weeks to add extra pages to his passport.  *Id.* at 13, 16–19.  Plaintiff asserts a myriad of other claims of a similar nature that are "conclusory and too lengthy to recount." *Gbedemah*, 2022 WL 855020, at *1 (quoting *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 228 (D.D.C. 2007)).

Notwithstanding that *pro se* complaints, "however inartfully pleaded," are held to less stringent standards than those applied to lawyer-drafted pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), plaintiff's complaint is replete with allegations so unrealistic and unsalvageable

3

that they deprive this Court of subject matter jurisdiction and thus require dismissal under Rule 12(b)(1).  Indeed, complaints presenting similar allegations of government conspiracy and manipulation are regularly dismissed on this basis.  *See, e.g.*, *Ghassan v. Biden*, 22-cv-1575, 2022 WL 2290547, at *1–2 (D.D.C. June 24, 2022) (dismissing complaint where plaintiff alleged that government defendants were "perpetrating 'war crimes' against him, his wife, and their four children through 'highly sophisticated field murder' and 'extrajudicial killing' techniques."); *Montgomery v. Comey*, 752 Fed. App'x 3, 4 (D.C. Cir. 2019) (per curiam) (affirming dismissal of claim for lack of subject matter jurisdiction where plaintiff alleged that government defendants had "repeatedly hacked his cellphone and installed malware"); *Big Sky Civil Trust v. United States*, 21-cv-1282 (TJK),  2022 WL 1471423, at *2 (D.D.C. May 10, 2022) (dismissing under Rule 12(b)(1) complaint alleging, *inter alia*, that government defendants committed "attempted murder and terrorism on a US citizen"); *Lopez-Pena v. Garland*, No. 20-1889 (RDM), 2021 WL 2188127, at *4 (D.D.C. May 28, 2021) (dismissing "undecipherable and frivolous" complaint for lack of subject matter jurisdiction where plaintiff asserted that "prosecutors should indict every judge . . . for unspecified but purportedly unlawful conduct"); *Roum*, 461 F. Supp. 2d at 46-47 (dismissing complaint for lack of jurisdiction where plaintiff alleged, *inter alia*, that the FBI and CIA began attacking him with lasers and radiation as a result of a dispute between the plaintiff and an insurance company regarding an auto collision).

A motion for preliminary injunction that plaintiff filed concurrently with his complaint fares no better in assisting the Court to identify any cognizable claim for relief.  *See* Pl.'s Mot. Prelim. Inj. ("Pl.'s Mot."), ECF No. 6.  The 52-page motion requests over a dozen forms of relief absent from plaintiff's complaint and again based upon fanciful claims of government conspiracies against him.  *Id.* at 1–5; *see Torjman v. FBI*, No. 10-cv-1031 (JDB), 2010 WL

2541095, at *1 (D.D.C. June 21, 2010) (dismissing request for injunctive relief against federal agencies because complaint alleged "fantastic [and] delusional scenarios," including "mind control"); *cf. Foster v. U.S. Dep't of Justice*, No. 21-cv-2273 (RCL), Mem. Order at 2, ECF No. 20 (D.D.C. June 21, 2022) (dismissing complaint where plaintiff failed to "tie his allegations . . . to an actual claim against any one of the defendants . . . [,] let alone one that entitles him to relief").

## II.     CONCLUSION AND ORDER

For the foregoing reasons, the Court is unable to ascertain any claim in plaintiff's complaint that is "not absolutely devoid of merit," *Hagans*, 415 U.S. at 536, and it is hereby

**ORDERED** that plaintiff's complaint is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that plaintiff's motion for preliminary injunction, ECF No. 6, is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of Court shall close this case.

**SO ORDERED.**

*This is a final and appealable order.*

Date:  September 12, 2023

_____
**BERYL A. HOWELL**
United States District Judge